Adam B. Nach – 013622
Allison M. Lauritson - 022185
**LANE & NACH, P.C.**
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Telephone Number: (602) 258-6000
Email: adam.nach@lane-nach.com
Email: allison.lauritson@lane-nach.com

Attorneys for Jill H. Ford

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RICHARD ALLEN AND SONDRA JANE CAMPBELL<br><br>Debtors. | (Chapter 7 Case)<br><br>No. 2-07-bk-04683-RTB<br><br>*Adversary No.2:08-ap-00861-RTB* |
| Jill H. Ford, TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>PETER STROJNIK and TANYA STROJNIK, husband and wife, TCMS INVESTMENTS, INC, an Arizona corporation<br><br>Defendants. | **COMPLAINT TO AVOID PREFERENCE /AVOID FRAUDULENT CONVEYANCE** |

Plaintiff, Jill H. Ford, Trustee, by and through her attorneys undersigned, for her Complaint against Defendants, respectfully alleges as follows:

## GENERAL ALLEGATIONS

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2) and §1334.

2. This case was commenced by voluntary petition filed by the Debtors on or about September 17, 2007.

3. Plaintiff is the duly appointed and acting Trustee in this Chapter case.

4. On information and belief, Defendant Peter Strojnik and Tanya Strojnik ("Defendant Strojnik") are a married couple and are residents of the State of Arizona. All acts complained of herein on behalf of Defendants were done for the benefit of the marital community.

5. On information and belief, Defendant TCMS Investments, Inc. ("Defendant TCMS") is an Arizona corporation authorized to do business in the State of Arizona.

6. On information and belief, Defendant Tanya Strojnik ("Defendant Tanya") is the sole shareholder of Defendant TCMS.

7. On information and belief, prior to the petition date and on or about May 30, 2006, Debtors executed an hourly fee agreement ("Hourly Fee Agreement") with Peter Strojnik of Peter Strojnik P.C. ("Defendant Peter") for services including the investigation of claims against Debtor by Arizona Corporation Commission ("AZ Corp Commission").

8. On information and belief, pursuant to the May 30, 2006 fee agreement, the hourly rate charged by Defendant Peter was $350.00 and the required retainer was $10,000.00.

9. On information and belief, prior to the petition date and on or about June 22, 2006 Debtors executed a contingency fee agreement ("Contingency Fee Agreement") with Defendant Peter for services related to Debtors' lawsuit filed against Agra-Technologies, Inc. ("AGRA"), CV2006-009755.

10. On information and belief, at all times relevant, Debtor was a shareholder of AGRA.

11. On information and belief, AGRA is a Nevada corporation registered to do business as a foreign corporation in the State of Arizona on May 21, 1999.

12. On information and belief, at all times relevant, Debtor was a shareholder of Arizona Precious Metals, Inc. ("APM").

13. On information and belief, APM is a Nevada corporation, authorized to do business in the State of Arizona.

14. On information and belief, at all times relevant, Debtor was the managing member of Southwest Gold Resources, LLC ("Southwest Gold").

15. On information and belief, Southwest Gold is a Nevada limited liability company.

16. On or about November 14, 2006, Debtors executed a second deed of trust in favor of Ditech.com, in the amount of $107,000.00 ("Ditech Proceeds"), secured against their home.

17. On information and belief, Debtors contributed the Ditech Proceeds to APM to purchase a reclamation bond for mining purposes.

18. On or about October 23, 2006, Debtors executed the Designation of Nominee and Instructions, whereby Debtors designated Defendant TCMS as nominee of Debtors' right, title and interest in and to 3,100,00 shares of stock in APM, and in 620,000 shares of stock under option with APM.

19. On information and belief, on or about December 12, 2006, Debtor, Defendant Peter and Defendant Tanya executed the Assignment of Funding Group Interest and Rights Arising Out of the Funding Group Agreement Dated 11-27-06 ("Assignment").

20. On information and belief, as set forth in the Assignment, on or about November 27, 2006, Debtor, Defendant TCMS and Hans Hüning ("Hüning") (collectively hereinafter the "Funding Group"), executed a Funding Group Agreement whereby:

    a. Debtor agreed to pay $100,000.00 toward the $140,000.00 required to purchase the reclamation bond for the Silver King mine project ("Silver King Project").

    b. Debtor paid an additional $10,000.00 toward the Silver King Project on behalf of Hüning.

    c. Hüning promised to pay Debtor $10,000.00 no later than December 31, 2006.

    d. The parties' interests in the Funding Group are as follows: (i) Debtor – 71.5%; (ii) Defendant TCMS – 14.25%; and (iii) Hüning – 14.25%.

21. On information and belief, as set forth in the Assignment, on or about November 27, 2006,

APM, Silver King Mining Company of Arizona, LLC (an Arizona limited liability company) ("SKM"), Arizona Precious Metals – Silver King Joint Venture ("APM-SKM JV"), and the Funding Group entered into an agreement, the terms of which included that the Funding Group obtained a 30% interest in APM-SKM JV by amending the joint venture agreement to provide that the joint venture interests are:

      a. SKM – 40%;

      b. APM – 30%

      c. Funding Group – 30%

22. On information and belief, as set forth in the Assignment, on or about November 27, 2006, the Funding Group also amended the APM-SKM JV agreement to provide for repayment of the reclamation bond and to provide that in the event a third party does not fund the operations of the Silver King mine prior to June 30, 2007, and the $140,000.00 advanced by the Funding Group and the prior contributions of Debtor and Hüning are not repaid, then APM forfeits its interest in the joint venture, SKM's interest is increased to 55% and the Funding Group's interest is increased to 45%.

23. On information and belief, a third party did not fund the Silver King mine and the reclamation bond was not repaid.

24. On information and belief, pursuant to the Assignment, the Funding Group's interest was effectively increased to 45%.

25. On information and belief, as set forth in the Assignment, on or about November 27, 2006, Debtor assigned all of his right, title and interest in the Funding Group to Defendant TCMS.

26. On information and belief, at all times relevant hereto and at the time Debtor assigned all of his right, title and interest in the Funding Group to Defendant TCMS, Defendant Peter was retained as Debtor's attorney pursuant to the Hourly Fee Agreement and the Contingency Fee Agreement.

27. On information and belief, pursuant to the Assignment, Debtor assigned all of his right, title and interest in the Funding Group to Defendant TCMS, and executed the Assignment in consideration for

present and future attorneys' fees due Defendant Peter by Debtor arising from the Hourly Fee Agreement and the Contingency Fee Agreement.

28. On or about December 12, 2006, Debtors executed the Modification of Fee Agreements.

29. On information and belief, pursuant to the Assignment, Defendant Peter accepted the Assignment as payment of attorneys' fees and costs as set forth in the Modification of Fee Agreements executed by Debtor and Defendant Peter.

30. On information and belief, the terms of the Modification of Fee Agreements included that in exchange for the assignment of the interest in the Funding Group to Defendant TCMS, Defendant Peter agrees to provide all future legal services arising under the Hourly Fee Agreement and Contingency Fee Agreement, free of charge.

31. All events complained of herein occurred in this District.

## COUNT ONE

## DEFENDANT PETER

## (11 U.S.C. §§547 and 550)

32. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as are more fully set forth herein.

33. On information and belief, and on or about December 12, 2006 and pursuant to the Assignment, Debtors transferred all right, title and interest in the Funding Group to Defendant TCMS.

34. On information and belief, Defendant Peter had a community property interest in Defendant TCMS.

35. On information and belief, as of the date of the Assignment, Debtor owed Defendant Peter fees for outstanding legal services.

36. Plaintiff made demand on Defendants for turnover of the value of the interest transferred.

37. At the time of the aforementioned transfer, the Debtors were insolvent.

38. On information and belief, Defendant Peter, as Debtor's attorney of record, is an insider.

39. On information and belief, the transfer of Debtor's interest in the Funding Group occurred within one year prior to the petition date for purposes of 11 U.S.C. §547.

40. On information and belief, pursuant to the Assignment, the transfer of Debtor's right, title and interest in the Funding Group was done in payment of an antecedent obligation due Defendant Peter; the present and outstanding legal fees owed to Defendant Peter.

41. The effect of the aforementioned transfer enabled Defendant Peter to obtain more than he would have received under Chapter 7 of Title 11, United States Code, if the transfer had not occurred, and had Defendant Peter received payment of such debt to the extent provided by Title 11 of the United States Code.

42. Pursuant to 11 U.S.C. §547(b), Plaintiff may avoid the transfer of Debtor's interest in the Funding Group.

43. Pursuant to 11 U.S.C. §§547 and 550, Plaintiff is entitled to an order of this Court requiring Defendants to turnover the value of the transferred interest of not less than $100,000.00, to Plaintiff.

44. Plaintiff is entitled to an award of prejudgment interest on the principal amount due the Estate, at the prime rate of interest, from the date demand was first made to the date of entry of judgment. *See* In re Nettel Corporation, Inc, 327 B.R. 8 (Bankr.D.D.C. 2005).

45. Plaintiff is entitled to an award of post judgment interest pursuant to 28 U.S.C. §1961, on the principal amount due from the date of entry of judgment until paid.

WHEREFORE, Plaintiff prays for judgment against Defendant Peter, as follows:

    A. For an Order avoiding the transfer;

    B. For an Order requiring Defendant Peter to turnover the value of the interest transferred which is property of this estate;

    C. For interest on said sum from and after the date of demand for turnover of the amount,

until paid, at the highest rate allowed by law as set forth herein;

D. For Plaintiff's reasonable attorneys' fees and costs; and

E. For such other and further relief as this Court deems just and proper.

## COUNT TWO

## ALL DEFENDANTS

## (11 U.S.C. §548(a)(1)(A) and §550)

46. Plaintiff repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

47. On information and belief and pursuant to the Assignment, on December 12, 2006 the interest in the Funding Group was transferred to Defendant TCMS within the two year period prior to the petition date for purposes of 11 U.S.C. §548.

48. On information and belief, Defendant Tanya is the sole owner of Defendant TCMS.

49. On information and belief, Debtor transferred the interest in the Funding Group to Defendant TCMS and Defendant Tanya, and each of them, with the actual intent to hinder, delay or defraud the creditors of this estate.

50. On information and belief, the interest in the Funding Group was transferred to Defendant TCMS and Defendant Tanya for the benefit of Defendant Peter.

51. Plaintiff made demand on Defendant Peter for turnover of the value of the interest transferred.

52. Said transfer is voidable by the Trustee pursuant to 11 U.S.C. §548.

53. On information and belief, the value of the interest in the Funding Group is recoverable from Defendants TCMS and Tanya, and each of them, jointly and severally pursuant to 11 U.S.C. §550(a)(1).

54. On information and belief, the value of the interest in the Funding Group is recoverable from Defendant Peter as the intended beneficiary of the transfer, pursuant to 11 U.S.C. §550(a)(1) and (2).

55. Plaintiff is entitled to an award of prejudgment interest on the principal amount due the Estate,

at the prime rate of interest, from the date demand was first made to the date of entry of judgment. *See* In re Nettel Corporation, Inc, 327 B.R. 8 (Bankr.D.D.C. 2005).

56. Plaintiff is entitled to an award of post judgment interest pursuant to 28 U.S.C. §1961, on the principal amount due from the date of entry of judgment until paid.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, jointly and severally, as follows:

    A. For an Order avoiding the aforementioned transfer;

    B. For an Order directing the Defendants to turnover said value of the interest transferred, to the Trustee;

    C. For interest on said sum from and after the date of demand for turnover of the amount, until paid, at the highest rate allowed by law as set forth herein;

    D. For Plaintiff's reasonable attorneys' fees and costs; and,

    E. For such other and further relief as this Court deems just and proper.

## **COUNT THREE**

## **ALL DEFENDANTS**

## **(11 U.S.C. §548(a)(1)(B) and §550)**

57. Plaintiff repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

58. On information and belief and pursuant to the Assignment, on December 12, 2006, the interest in the Funding Group was transferred to Defendant TCMS within the two year period prior to the petition date for purposes of 11 U.S.C. §548.

59. On information and belief, Defendant Tanya is the sole owner of Defendant TCMS.

60. On information and belief, in exchange for the transferred interest in the Funding Group to Defendant TCMS and Defendant Tanya, and each of them, Debtors received less than the reasonably

equivalent value.

61. On information and belief, at the time the transfer was made, Debtors were insolvent or Debtors became insolvent as a result of the transfer.

62. On information and belief, the interest in the Funding Group was transferred to Defendant TCMS and Defendant Tanya for the benefit of Defendant Peter.

63. Plaintiff made demand on Defendant Peter for turnover of the value of the interest transferred.

64. Said transfer is voidable by the Trustee pursuant to 11 U.S.C. §548.

65. On information and belief, the value of the interest in the Funding Group is recoverable from Defendants TCMS and Tanya, and each of them, jointly and severally pursuant to 11 U.S.C. §550(a)(1).

66. On information and belief, the value of the interest in the Funding Group is recoverable from Defendant Peter as the intended beneficiary of the transfer, pursuant to 11 U.S.C. §550(a)(1) and (2).

67. Plaintiff is entitled to an award of prejudgment interest on the principal amount due the Estate, at the prime rate of interest, from the date demand was first made to the date of entry of judgment. *See* In re Nettel Corporation, Inc, 327 B.R. 8 (Bankr.D.D.C. 2005).

68. Plaintiff is entitled to an award of post judgment interest pursuant to 28 U.S.C. §1961, on the principal amount due from the date of entry of judgment until paid.

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

    A. For an Order avoiding the aforementioned transfer;

    B. For an Order directing the Defendants to turnover said property to the Trustee;

    C. For interest on said sum from and after the date of demand for turnover of the amount, until paid, at the highest rate allowed by law as set forth herein;

    D. For Plaintiff's reasonable attorneys' fees and costs; and,

    E. For such other and further relief as this Court deems just and proper.

DATED this 20th day of November, 2008.

LANE & NACH, P.C.

By /s/ AML - 022185
Adam B. Nach
Allison M. Lauritson
Attorneys for Jill H. Ford