Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Attorney for Defendants

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: RICHARD AND SONDRA CAMPBELL,<br><br>Debtors.<br>_____ | (Chapter 7 case)<br><br>No. 2-07-bk-04683-RTB<br><br>Adversary No. 2:08-ap-00861-RTB |
| JILL H. FORD, Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>PETER STROJNIK and TANYA STROJNIK, husband and wife, TCMS Investments, Inc., an Arizona Corporation.<br><br>Defendants. | **MOTION FOR A MORE DEFINITE STATEMENT**<br><br>[Rule 12(e)]<br><br>**MOTION TO DISMISS FOR FAILURE TO ALLEGE FRAUD WITH PARTICULARITY**<br>[Rule 9(b)]<br><br>(Oral Argument Requested) |

Defendants move for a more definite statement as to Count One for the reason that Count One is so vague and ambiguous that Defendants cannot reasonably prepare a responsive pleading. Plaintiff moves to Dismiss Counts Two and Three for the reason that the allegations of fraudulent conveyance are not stated with particularity. This Motion is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

-1-

Case 2:08-ap-00861-RTB    Doc 5    Filed 12/19/08    Entered 12/19/08 12:30:31    Desc
Main Document      Page 1 of 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**SUMMARY OF MOTION**

The Complaint consists of a lengthy narrative based primarily on "information and belief", see Doc 1 at ¶¶ 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 17, 19, 20, 21, 30, 33, 34, 35, 38, 39, 40, 47, 50, 53, 54, 58, 59, 60, 61, 62, 65 and 66.

In Count One against "Defendant Peter", Plaintiff prays an order avoiding the Debtor – TCMS transfer. The Complaint is unclear in how Plaintiff gets from demanding relief against "Defendant Peter" for a transfer initiated by Debtor to TCMS.

In Count 2 (and in Count 3, by reference) Plaintiff alleges fraud "upon information and belief" without any particularity. See § 49. This allegation is inadequate. Plaintiff needs to allege fraud with particularity as required by Rule 9 (b).

This Motion is more fully supported by the following Memorandum Of Points And Authorities that is by this reference incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1) **Allegations in the Complaint**

  a) <u>Relationships.</u>  Peter Strojnik (Strojnik) is a Phoenix lawyer. The Debtor, Richard Campbell ("Campbell") is Strojnik's former client. TCMS Investments is an Arizona Corporation whose sole shareholder is Tanya C. Strojnik Separate Property Trust dated 02-21-01.[1] While Plaintiff claims that "Defendant Peter [Strojnik] had a community property interest

---

[1] See http://images.azcc.gov/scripts/cgi/dwispart2.pl. The Complaint incorrectly identifies the sole shareholder as Tanya C. Strojnik.

-2-

in Defendant TCMS" (¶34), public records belie this assertion. Tanya Strojnik is the beneficial owner of the TC Trust, and holds such interest as her sole and separate property[2].

b) <u>Events Alleged in the Complaint[3]</u>.

c) On May 30, 2006, Campbell and Strojnik entered into Hourly Fee Agreement in connection with a matter involving the Arizona Corporation Commission. (¶ 7) The hourly rate was $350.00. Campbell paid Strojnik a $10,000.00 retainer. (¶8) On June 22, 2006, Campbell and Strojnik executed a Contingency Fee Agreement relating to a claim by Campbell against Agra Technologies. (¶9)

Campbell was a shareholder of Arizona Precious Metals. (APM) On October 23, 2006, Campbell transferred the entirety of his APM shares to TCMS. (¶18)

On November 16, 2006, Campbell took out a $107,000 loan from Ditech and secured the loan with his home. (¶16) The purpose of the loan was to pay a reclamation bond on behalf of APM. (¶17) On November 27, 2006, Campbell, TCMS and one Hans Hüning (the "Funding Group") agreed to contribute toward the $140,000 reclamation bond as follows: Campbell, $100,000; TCMS, 20,000[4], and Hüning $20,000; Campbell and TCMS each eventually paid an additional $10,000 (¶20), and Hüning paid nothing. In exchange for the payment of the reclamation bond, the Funding Group became a 30% member in the APM – SKM Joint

---

[2] See Maricopa County Recorder at 89-19443.

[3] Defendants neither admit nor deny these allegations.

[4] The Complaint does not actually state this, but it is so.

–3–

Venture[5]. The reclamation bond was to be repaid by the APM-SKM Joint Venture in the event the APM – SKM Joint Venture secured financing from a third party source; if no funding were to be secured by June 30, 2007, then APM's interest in the Joint Venture would be forfeited and Funding Group's interest increased from 30% to 45%. (¶21, 22) The funding was not secured and, on June 30, 2007, APM's interest in the joint venture was forfeited and Funding Group's interest increased from 30% to 45%. (¶¶21 – 24)

On December 12, 2006, Campbell assigned to TCMS the entirety of his interest in the "Funding Group". (¶ 19)  (This allegations is inconsistent with the allegation in ¶ 25 where Plaintiff claims that the date of the assignment was not December 12, 2006, but November 27, 2006; actually, the Assignment is dated November 27, 2006, not December 12, 2006) Plaintiff claims that at the time of the 11-27-06 Assignment Campbell's Funding Group interest to TCMS, Campbell owed Strojnik for attorney's fees (¶¶ 35, 40).

On December 12, 2006, Campbell and Strojnik executed a "Modification of Fee Agreement"; according to the Complaint, Strojnik "accepted the Assignment (dated 11-27-06) as payment of attorney's fees and costs as set forth in the Modification of Fee Agreement". (¶29)  While the Complaint is unclear on this matter, the Modification of Fee Agreement accepted the Assignment for *future* fees to be incurred by Campbell.

   d) <u>Count One:</u> Defendants are unable to formulate a responsive pleading because the allegations (1) are internally inconsistent with respect to dates and events; (2) contain

---

[5] The Complaint does not explain what this joint venture is or what interest Campbell had in it. Defendants would not deny that the APM – SKM Joint Venture was previously established between APM and the Silver King Mining Company to commence mining operations at the Silver King Mine in the environs of Superior, Arizona.

–4–

unsupportable conclusions of law, to wit, the allegation that Strojnik is an insider by virtue of being Campbell's attorney; (3) appear to admit a contemporaneous exchange of the Assignment for a modification of the Fee Agreement (Strojnik accepted the Assignment dated 11-27-06 as payment of attorney's fees and costs as set forth in the Modification of Fee Agreement); and (4) allege payment of an "antecedent" obligation in Paragraph 40 while admitting in paragraph 27 that the Assignment and the Modification of Fee Agreement was a contemporaneous event constituting consideration for consideration **and** that the consideration was not antecedent debt, but "future attorney's fees due Defendant Peter [Strojnik] by Campbell."

These are important inconsistencies to which Defendants cannot reasonably respond. Since one of the versions of the Complaint is that the (1) the Assignment for Modification of the Fee Agreement was a contemporaneous exchange for new value, see 11 U.S.C. §547(c); and (2) in fact a contemporaneous exchange occurred, Defendants need a clarification of the allegations to interpose, if appropriate, a motion to dismiss for failure to state a claim.

e) <u>Counts Two and Three:</u>  Counts Two and Three allege a fraudulent conveyance "upon information and belief"; Count 2 directly (¶49) and Count three by reference (¶57).

Federal rules require that the circumstances constituting fraud "be stated with particularity." Fed. R. Civ. P. 9(b). The essence of Rule 9 is to ensure that a plaintiff "conduct[s] a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999). In addition, it ensures that a defendant has sufficient information to formulate a defense by providing adequate notice of both the nature and grounds of the claim. *Concha v. London*, 62 F.3d 1493, 1502-1503 (9th Cir. 1995).

–5–

Allegations of fraud may not be based on "information and belief." See *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (allegations of fraud based on information and belief are "a clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch").

Defendants request that Plaintiff replead the allegations of fraud with particularity.

RESPECTFULLY submitted this 22nd day of December, 2008.

_____
Peter Strojnik
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The foregoing e-filed this 22nd day of December, 2008.

_____

–7–