Adam B. Nach – 013622
Allison M. Lauritson - 022185
**LANE & NACH, P.C.**
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Telephone Number: (602) 258-6000
Email: adam.nach@lane-nach.com
Email: allison.lauritson@lane-nach.com

Attorneys for Jill H. Ford

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| RICHARD ALLEN AND SONDRA JANE CAMPBELL | No. 2-07-bk-04683-RTB |
| | *Adversary No.2:08-ap-00861-RTB* |
| Debtors. | |
| Jill H. Ford, TRUSTEE, | **PLAINTIFF'S RESPONSE TO MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISMISS FOR FAILURE TO ALLEGE FRAUD WITH PARTICULARITY** |
| Plaintiff, | |
| vs. | |
| PETER STROJNIK and TANYA STROJNIK, husband and wife, TCMS INVESTMENTS, INC, an Arizona corporation | |
| Defendants. | |

Plaintiff, Jill H. Ford, Trustee, by and through her attorneys undersigned, hereby responds to Defendants' Motion for More Definite Statement and Motion to Dismiss for Failure to Allege Fraud with Particularity ("Motion") and respectfully alleges as follows:

**Motion for More Definite Statement – Count One**

1. Defendants contend they are not able to respond to the allegations of the Complaint because they are "internally inconsistent with respect to dates and events". Defendants point to the different dates on the Assignment executed by Debtors regarding the assignment of Debtor's interest in the joint venture.

The Assignment is dated November 27, 2006 however it states it is effective December 12, 2006. A copy of the Assignment is attached hereto as Exhibit "A" and incorporated herein by reference. Defendants provided this document to Plaintiff, and are aware or should be aware of the dates set forth therein. Defendants are able to respond to the Complaint as sufficient information was provided in the Complaint and the dates are not inconsistent.

2. In the Complaint, Plaintiff contends that as Trustee, he may avoid the transfer of Debtors' interest in a joint venture pursuant to 11 U.S.C. §547. Such transfer was made in exchange for present <u>and outstanding</u> legal services owed to Defendant. The invoices provided to Trustee evidence such amounts were written off and were not billed to Debtor. The facts pled are sufficient to allow Defendants to respond to the Complaint.

3. Defendants contend the Complaint does not sufficiently state how relief can be granted as to Defendant Peter Strojnik and that the assertion that he is an "insider" is unsupported. Pursuant to 11 U.S.C. §550, upon avoidance of a transfer under 11 U.S.C. §547, Plaintiff may recover the interest or the value of the interest transferred from either the initial transferee or any immediate or mediate transferee of such initial transferee. Moreover, the list setting forth who are "insiders" of debtors in 11 U.S.C. §101(31) is not an exhaustive list. The term insider "encompasses anyone with 'a sufficiently close relationship with the debtor [so] that [his/her] conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor'". <u>In re Chari</u>, 276 B.R. 206, 212 (Bankr.S.D.Ohio 2002), *citing* <u>In re Krehl</u>, 86 F.3d 737, 741 (7th Cir. 1996). As in <u>Chari</u>, the fact that Defendant Peter Strojnik was, at all relevant times, Debtor's attorney, is sufficient to show Defendant Peter Strojnik has a close working relationship with Debtor.

4. Defendants contend that pursuant to public record, Defendant Peter Strojnik does not have a community property interest in Defendant TCMS. The Trustee, asserts however that investigating how Defendant TCMS was treated through discovery will provide evidence as to whether Defendant Peter Strojnik has a community property interest in TCMS.

5. Additional information will likely be provided through the discovery process, including proof as to whether Defendant is an insider and the terms of the joint venture. The Complaint provides sufficient notice of the relief sought, by setting forth the facts as known to Plaintiff. Defendants can easily admit or deny the allegations and assert any defenses in an Answer.

6. Finally, Plaintiff does not admit the interest in the joint venture was transferred as a contemporaneous exchange. Pursuant to the invoices provided by Defendants, in exchange for the transfers the Debtors were relieved of paying outstanding, present and all future legal services. Such invoices will be provided through the discovery process.

7. Pursuant to the Federal Rules of Civil Procedure as incorporated by the Federal Rules of Bankruptcy Procedure (FRBP) Rule 7008 a complaint need only set forth a "(2) short and plain statement of the claim showing that the pleader is entitled to relief…". The Complaint in this case sufficiently provides notice of the alleged facts and of the relief sought.

**Motion to Dismiss – Counts Two and Three**

8. The Complaint provides sufficient information to which Defendants may assert a defense. The facts are set forth to the best of Plaintiff's knowledge and based upon Plaintiff's investigation. Further information will be provided through and upon completion of the discovery process. If Plaintiff was required to know all facts prior to filing the Complaint then discovery would serve no purpose.

9. In a bankruptcy case, the Trustee is given more latitude in pleading fraud claims because the Trustee is a third party who does not have first hand knowledge of the events. In re Chari, 276 B.R. 206, 214 (Bankr.S.D.Ohio 2002). The Court in Chari denied the motion to dismiss and stated the court understands the trustee's limited ability to access information, citing In re American Spring Bed Manufacturing, Co., 153 B.R. 365, 374 (Bankr.D.Mass. 1993), "(noting that less stringent requirements for pleading fraudulent transactions are appropriate in a bankruptcy proceeding involving a trustee suing a third party since essential facts would be solely within the knowledge of the defendants and the trustee

would have to rely on second hand information to plead his case)." Chari at 214.

10. Unlike the holding in In re Cellular Express of Arizona, Inc., 275 B.R. 357 (Bankr.D.Ariz. 202), the Trustee in this case pled with particularity the type of transfer, the asset transferred and the date of the transfer. The issue in that case was whether an amended complaint related back to the original complaint for purposes of meeting the statute of limitations. The Court held the amendment did not relate back because the original complaint failed to plead specific information regarding the alleged transfers. Id. However, the Court did state that the complaint may have been valid had some transfers been identified. "Nor is it necessarily required that the Trustee identify all such transactions in the initial complaint; if some are adequately identified…" Id. at 363. In this case, the transfers are described with particularity and are sufficient to provide Defendants with information to which they may respond.

11. In the event the Court requests additional information be provided, Trustee adds that at the time of the transfer, Debtors had been notified of an investigation by the Arizona Corporation Commission, as evidenced by a Cease and Desist Order dated October 18, 2006, which is well known by Defendant Peter Strojnik who represented Debtors in defense of the action. Debtors transferred the interest in TCMS in an effort to hide it from the State of Arizona and other creditors.

12. Defendants cite the general rule for pleading fraud with particularity as set forth under federal law. None of the cases deal with a bankruptcy case, wherein the Chapter 7 trustee, as plaintiff, is a third party who does not have first hand knowledge of all of the facts. The facts in the Complaint are stated with particularity and are sufficient to provide notice to Defendants of the requested relief.

WHEREFORE, the Plaintiff requests the Court deny Defendants' Motion and enter an Order granting Plaintiff's reasonable attorneys' fees in responding to the Motion.

DATED this 5th day of January, 2009.

LANE & NACH, P.C.

| | |
|---|---|
| 1 | By /s/ AML - 022185 |
| 2 | Adam B. Nach |
|   | Allison M. Lauritson |
| 3 | Attorneys for Jill H. Ford, Plaintiff |