Adam B. Nach – 013622
Allison M. Lauritson - 022185
**LANE & NACH, P.C.**
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Telephone Number: (602) 258-6000
Email: adam.nach@lane-nach.com
Email: allison.lauritson@lane-nach.com

Attorneys for Jill H. Ford

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | (Chapter 7 Case) |
|---|---|
| RICHARD ALLEN AND SONDRA JANE CAMPBELL | No. 2-07-bk-04683-RTB |
| | *Adversary No.2:08-ap-00861-RTB* |
| Debtors. | |
| Jill H. Ford, TRUSTEE, | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Plaintiff, | |
| vs. | |
| PETER STROJNIK and TANYA STROJNIK, husband and wife, TCMS INVESTMENTS, INC, an Arizona corporation | |
| Defendants. | |

     Jill H. Ford, Chapter 7 Trustee and Plaintiff, by and through her attorneys undersigned, pursuant to F.R.B.P. 7056(c), hereby moves this Court for the entry of partial summary judgment in favor of Plaintiff and against Defendant Peter Strojnik (hereinafter "Defendant Peter") on the grounds and for the reason that there are no genuine issues as to any material fact and Plaintiff is entitled to judgment as a matter of law on the following issues:

     1)    Debtors transferred the sum of $100,000 to Arizona Precious Metals, Inc. and received a release of their obligation to pay outstanding attorneys' fees in the amount of $51,380.00

owed to Defendant Peter;

2) Defendant Peter is an insider for purposes of 11 U.S.C. §547;

3) Defendant Peter was the intended beneficiary of the transfer of funds; and

4) Defendant Peter received a preferential transfer in the amount of $51,380.00 and he should be directed to remit that amount to the Trustee.

As a matter of law, the Trustee is entitled to an order avoiding the transfer and directing Defendant Peter Strojnik to turn over the sum of $51,380.00 to the Plaintiff.

## MOTION FOR SUMMARY JUDGMENT

This Motion is supported by the following Memorandum of Points and Authorities, Statement of Facts, and all the pleadings of record herein, which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Motion for Summary Judgment is made pursuant to F.R.B.P. 7056(c). The rule permits summary judgment in favor of Plaintiff when the pleadings establish that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law.

### I. Factual Background

This case was commenced by Voluntary Petition filed by the Debtors under Chapter 7 of Title 11, United States Code on September 17, 2007. [See Statement of Facts, paragraph 1 "SOF ¶2"] This is a core proceeding over which this Court has jurisdiction pursuant to 27 U.S.C. §157(b)(2) and §1334. ["SOF ¶1"] Plaintiff is the duly appointed and acting Trustee in this Chapter 7 case. ["SOF ¶3"] At all times relevant, Defendants Peter Strojnik and Tanya Strojnik ("Defendants Strojnik") were married and were residents of the State of Arizona. ["SOF ¶4"] At all times relevant, Defendant TCMS Investments, Inc. ("Defendant TCMS") was an Arizona corporation authorized to do business in the State of Arizona. ["SOF ¶5"]

Prior to the petition date and on or about May 30, 2006, Debtors executed an hourly fee agreement ("Hourly Fee Agreement") with Peter Strojnik of Peter Strojnik P.C. ("Defendant Peter") for services including the investigation of claims against Debtor by the Arizona Corporation Commission ("AZ Corp Commission"). ["SOF ¶6"]

On or about June 22, 2006 Debtors executed a contingency fee agreement ("Contingency Fee Agreement") with Defendant Peter for services related to Debtors' lawsuit filed against Agra-Technologies, Inc. ("AGRA"), CV2006-009755 ("AGRA Lawsuit"). ["SOF ¶7"]

At all times relevant, Debtor was a shareholder of APM and Defendant Peter was a director of APM. ["SOF ¶¶8 &9"]

On or about October 23, 2006, Debtors executed the Designation of Nominee and Instructions, whereby Debtors designated Defendant TCMS as nominee of Debtors' right, title and interest in and to 3,100,000 shares of stock in APM, and in 620,000 shares of stock under option with APM. ["SOF ¶10"]

In exchange for the designation of Defendant TCMS as nominee of Debtors' interest in APM, Defendant Peter credited Debtors the sum of $10,000 toward the outstanding legal fees. ["SOF ¶21"].

On or about November 14, 2006, Debtors executed a second deed of trust in favor of Ditech.com, in the amount of $107,000.00 ("Ditech Proceeds"), secured against their home. ["SOF ¶11"] Debtors transferred the Ditech Proceeds to APM to purchase a reclamation bond for mining. ["SOF ¶12"] Defendant Peter contributed $30,000 toward the purchase of the reclamation bond. ["SOF ¶13"]

Pursuant to the Assignment of Funding Group Interest and Rights Arising Out of the Funding Group Agreement Dated 11-27-06 ("Assignment") executed by Debtor, Defendant Peter and Defendant Tanya Strojnik, the parties to the Funding Group, which included Debtor, Defendant TCMS and Hans Hüning ("Hüning") (collectively hereinafter the "Funding Group") agreed as follows:

    a. Debtor agreed to pay $100,000.00 toward the $140,000.00 required to purchase the reclamation bond for the Silver King mine project ("Silver King Project").

      b. Debtor paid an additional $10,000.00 toward the Silver King Project on behalf of Hüning.

      c. Hüning promised to pay Debtor $10,000.00 no later than December 31, 2006.

      d. The parties' interests in the Funding Group are as follows: (i) Debtor – 71.5%; (ii) Defendant TCMS – 14.25%; and (iii) Hüning – 14.25%. ["SOF ¶14"]

As set forth in the Assignment, on or about November 27, 2006, APM, Silver King Mining Company of Arizona, LLC (an Arizona limited liability company) ("SKM"), Arizona Precious Metals – Silver King Joint Venture ("APM-SKM JV"), and the Funding Group entered into an agreement, the terms of which included that the Funding Group obtained a 30% interest in APM-SKM JV. On or about November 27, 2006, the Funding Group also amended the APM-SKM JV agreement to provide for repayment of the reclamation bond and to provide that in the event a third party does not fund the operations of the Silver King mine prior to June 30, 2007, and the $140,000.00 advanced by the Funding Group and the prior contributions of Debtor and Hüning are not repaid, then APM forfeits its interest in the joint venture, SKM's interest is increased to 55% and the Funding Group's interest is increased to 45%. ["SOF ¶15"]

As set forth in the Assignment, on or about November 27, 2006, Debtor assigned all of his right, title and interest in the Funding Group to Defendant TCMS. ["SOF ¶16"]

At all times relevant hereto, Defendant Peter was retained as Debtor's attorney pursuant to the Hourly Fee Agreement and the Contingency Fee Agreement when Debtor assigned all of his right, title and interest in the Funding Group to Defendant TCMS. ["SOF ¶17"] Debtor assigned all of his right, title and interest in the Funding Group to Defendant TCMS, and executed the Assignment in consideration for present and future attorneys' fees due Defendant Peter by Debtor arising from the Hourly Fee Agreement and the Contingency Fee Agreement. ["SOF ¶18"]

Pursuant to the Modification of Fee Agreements ("Modified Fee Agreement") dated December

12, 2006, Defendant Peter agreed to release Debtors of the obligation to pay outstanding legal fees for representation of Debtors in the AZ Corporation Commission action and the AGRA Lawsuit. Defendant Peter also agreed to not charge Debtors for future legal services. *See* Exhibit F ["SOF ¶¶19, 21 & 22"] Defendant Peter credited Debtors the sum of $10,000 because Debtors designated Defendant TCMS as nominee of Debtors' stock in APM. ["SOF ¶20"] At the time of the execution of the Modified Fee Agreement, Debtors owed Defendant Peter approximately $51,380.00. ["SOF ¶23"] Defendant Peter is not listed as a creditor on the Schedules of Assets and Liabilities as of the petition date. ["SOF¶24"].

**II.     Legal Analysis**

Summary Judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.B.P. 7056(c). One of the principal purposes of the summary judgment rule is to identify and dispose of factually unsupported claims and defenses. *See*, Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to that party's case, where that party will bear the burden of proof of that essential element at trial. Id. at 322, 106 S.Ct. 2548. In a motion for summary judgment, if the moving party meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in the rule, specific facts showing that there is a genuine issue for trial. Id. at 325. The non-moving party "must do more than simply show that there is some metaphysical doubt as to a material fact." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Instead, the non-moving party must establish the existence of each element on which it bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. at 323.

In applying this standard to this action, Plaintiff is entitled to summary judgment as a matter of law, because there are no material issues of fact in dispute regarding the fact that Debtors were released of the obligation to pay the outstanding attorneys' fees owed to Defendant Peter upon designating Defendant TCMS as nominee of Debtors' stock in APM, upon assigning Debtors' interest in the Funding Group to Defendant TCMS and upon transferring the sum of $100,000 to APM. At the time of the above actions, Debtors liabilities exceeded the value of their assets. Moreover, Defendant Peter was not only a director of APM at the time, he also invested money to purchase the reclamation bond and he represented Debtors in two pending legal matters.

## 11 U.S.C. §547

Pursuant to 11 U.S.C. §547(b), a Trustee may avoid any transfer of an interest of the debtor in property –

    (1)    to or for the benefit of a creditor;
    (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3)    made while the debtor was insolvent;
    (4)    made – …
        (B)    between ninety days and one year before the date of the filing of the petition, is such creditor at the time of such transfer was an insider; and
    (5)    that enables such creditor to receive more than such creditor would receive if –
        (A)    the case were a case under chapter 7 of this title;
        (B)    the transfer had not been made; and
        (C)    such creditor received payment of such debt to the extent provided by the provisions of this title.

**DEFENDANT PETER WAS A CREDITOR**

At the time of the transfer of funds, nomination of Defendant TCMS on behalf of Debtors' interest in APM and transfer of interest in the Funding Group to Defendant TCMS, Defendant Peter was a creditor of Debtors. As set forth on the invoices, Debtors owed not less than $51,380 to

Defendant Peter when they executed the Modified Fee Agreement. *See* Invoices which are available upon the Court's request, under seal, or upon Defendant Peter's agreement to disclose the same.

**THE TRANSFER WAS ON ACCOUNT OF AN ANTECEDENT DEBT**

At the time of the transfer of funds to APM, Debtors owed not less than $51,380 to Defendant Peter. As such, the release of the obligation in consideration for the transfer evidences that the transfer occurred on account of an antecedent debt of the Debtors.

**DEBTORS WERE INSOLVENT AT THE TIME OF THE TRANSFER**

Pursuant to 11 U.S.C. §101(32), a debtor is insolvent when the outstanding debts exceed the value of the assets.

At the time of the transfer in November, 2006, Debtors were insolvent. The Debtors were defending an action commenced by the AZ Corporation Commission at the time the funds were transferred to APM. On October 16, 2007, the AZ Corporation Commission obtained an Order of Restitution against Debtors in excess of $10,000,000.00, as listed on Schedule F of the Schedules of Assets and Liabilities filed by the Debtors in the bankruptcy case, which matter was pending at the time of the transfer. Debtors did not have assets at that time that exceeded the amount of the AZ Corporation Commission claim. In fact, the value of Debtors assets decreased as a result of the second loan on their house in the amount of $100,000.

The Schedules of Assets and Liabilities ("Schedules") were signed under penalty of perjury and

list all of Debtors' assets and liabilities as of the petition date. The Trustee is not aware of any transfers of assets with value exceeding $10,000,000.00 from November, 2006 to the petition date.

Clearly, Debtors' liabilities exceeded the value of their assets as of the date of the transfer in November, 2006, less than one year prior to the petition date. Debtors were insolvent at the time of the transfer.

**DEFENDANT PETER IS AN INSIDER**

The Bankruptcy Code provides a definition of who constitutes an insider under 11 U.S.C. §101(31), however the list is not exhaustive. This statutory list includes "(E) an affiliate, or insider of an affiliate as if such affiliate were the debtor." 11 U.S.C. §101(31)(E). An affiliate includes "insiders of insiders." In re Lull, 2009 WL 3853210 (Bankr.D.Hawaii) *citing* In re Enter, Acquisition Partners, Inc., 319 B.R. 626, 632 (B.A.P. 9th Cir. 2004). In In re Lull, the Court held that the co-member of an LLC was an insider for purposes of 11 U.S.C. §547. The Court found that the entity was an insider of the debtor and that the co-member was an insider of the entity. Accordingly, the co-member was an affiliate of the debtor, or an "insider of an insider". In re Lull.

In this case, at the time of the transfer of funds to APM, Debtor was a shareholder of APM. Thus, APM is an insider of Debtor as defined under 11 U.S.C. §101(31). In addition, Defendant Peter, who was a director of APM, is an insider of APM. Accordingly, Defendant Peter is an affiliate of Debtor and is an insider for purposes of 11 U.S.C. §547.

Moreover, in addition to being an affiliate of Debtors, Defendant Peter was their attorney at the time of the transfer of funds as he was retained to represent Debtors in defending the ACC Claim and in pursuing the AGRA Lawsuit. Courts have held that where an attorney's relationship with the debtor "transcended the normal attorney-client boundaries", the attorney is an insider for purposes of 11 U.S.C. §547. *See* In re Broumas, 135 F.3d 769 (Table), 1998 WL 77842 (4th Cir. 1998). Moreover "an insider may be any person or entity whose relationship with the debtor is sufficiently close so as to subject the relationship to careful scrutiny." Butler v. David Shaw, Inc., 72 F.3d 437, 443 (4th Cir.1996) citing Hunter v. Babcock, 70 B.R. 662, 666 (Bankr.N.D.Ohio 1986)).

In this case, Defendant Peter was not only Debtors' attorney, he also was involved with Debtor in a business relationship, as a director of APM, an entity in which Debtor was a shareholder. Defendant Peter invested money, with Debtor, to purchase the reclamation bond. Debtor transferred

$100,000 to APM and in exchange, was released of the obligation to pay Defendant Peter's attorneys' fees. Debtor designated Defendant Peter's, wife's entity as the nominee of Debtors' interest in APM and transferred his interest in the Funding Group to the same entity. As a result, Trustee contends that Defendant Peter was an insider for purposes of 11 U.S.C. §547 because the nature of the relationship between Defendant Peter and Debtors extended beyond the boundaries of an attorney-client relationship.

**DEFENDANT PETER RECEIVED MORE THAN HE WOULD HAVE IN A CHAPTER 7 CASE**

Pursuant to the Schedules of Assets and Liabilities, Debtors listed in excess of $11,000,000.00 of unsecured debt as of the petition date. Defendant Peter, in receiving the benefit of the transfer of the $100,000 to the Funding Group, received more than he would have received as an unsecured creditor in the Chapter 7 case.

Defendant Peter has failed to provide any evidence to support his contention that he did not receive the benefit of the transfer to the Funding Group.

### 11 U.S.C. §§550(a)(1)

Pursuant to 11 U.S.C. §550(a)(1), upon avoidance of a transfer under 11 U.S.C. §547, a trustee may recovery the amount transferred from "…the entity for whose benefit such transfer was made;". 11 U.S.C. §550(a)(1).

In this case, Defendant Peter was the intended beneficiary of the transfer. In exchange for the transfer of $100,000 to the Funding Group, Defendant Peter waived Debtors' obligation to pay outstanding and future legal fees. The terms of this agreement are set forth in the Modified Fee Agreement, which include: (1) Debtors' agreement to designate Defendant TCMS as nominee of Debtors' interest in APM, an entity in which Defendant Peter was a director; (2) in exchange for the designation Defendant Peter credited Debtors $10,000 on the outstanding bill for legal fees; (3)

Debtors assigned their interest in the Funding Group to APM; and (4) in exchange for the assignment, Debtors would not have to pay any outstanding legal fees and would received free legal services in the future with respect to the ACC Claim and the AGRA Lawsuit.

Clearly, Defendant Peter was the intended beneficiary of the transfer since he agreed to forego payment of legal fees in exchange for the nomination and assignment.

Summary judgment is appropriate against Defendant Peter because Debtors transferred funds in repayment of an outstanding obligation, within one year prior to the petition date. Defendant Peter is an insider for purposes of 11 U.S.C. §547 and was the intended beneficiary of the transfer for purposes of 11 U.S.C. §550(a)(1).

**III. Conclusion**

There are no material facts in dispute. Defendant has failed to provide any evidence that disputes the allegations set forth in the Complaint.

Based upon the evidence provided, and upon the lack of evidence provided by Defendant Peter, Plaintiff is entitled to an Order granting this Motion and entering judgment against Defendant Peter Strojnik as a matter of law to avoid the transfer of funds and upon avoidance, directing Defendants to turn over the sum of $51,380.00 to Plaintiff pursuant to 11 U.S.C. §§547 and 550.

WHEREFORE, Plaintiff respectfully requests the Court grant the motion for summary judgment because there are no genuine issue of material fact in dispute, and requests any other relief the Court deems appropriate.

DATED this 16th day of February, 2010.

                         LANE & NACH, P.C.

                         By    /s/ Allison M. Lauritson – 022185
                              Adam B. Nach

| | |
|---|---|
|1| Allison M. Lauritson |
|2| Attorneys for Jill H. Ford, Plaintiff |

3  A copy of the foregoing
4  mailed this 16th day of February, 2010:

5  Peter Strojnik
   3030 North Central Avenue, #1401
6  Phoenix, AZ  85012

7  Tanya C. Strojnik
   145 W. Glendale Avenue
8  Phoenix, AZ  85021

9  TCMS Investments, Inc.
   c/o Peter Strojnik
10 3030 North Central Avenue, #1401
   Phoenix, AZ 85012
11

12 By\_ /s/ Terie K. Turner_____