Adam B. Nach – 013622
Allison M. Lauritson - 022185
**LANE & NACH, P.C.**
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Telephone Number: (602) 258-6000
Email: adam.nach@lane-nach.com
Email: allison.lauritson@lane-nach.com

Attorneys for Jill H. Ford

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| RICHARD ALLEN AND SONDRA JANE CAMPBELL | No. 2-07-bk-04683-RTB |
| | *Adversary No.2:08-ap-00861-RTB* |
| Debtors. | |
| Jill H. Ford, TRUSTEE, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO PLAINTIFF'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT; AND** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OBJECTION TO DEFENDANTS' SEPARATE STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT** |
| PETER STROJNIK and TANYA STROJNIK, husband and wife, TCMS INVESTMENTS, INC, an Arizona corporation | |
| Defendants. | |

Jill H. Ford, Chapter 7 Trustee and Plaintiff, by and through her attorneys undersigned, hereby responds to Defendants' Objection to Plaintiff's Separate Statement of Facts in Support of Motion for Partial Summary Judgment ("Response to Objection") and objects to Defendants' Separate Statement of Facts in Support of Defendants' response to Plaintiff's Motion for Partial Summary Judgment and Cross Motion for Summary Judgment ("Objection"):

**RESPONSES TO OBJECTIONS**

The facts set forth in Plaintiff's Separate Statement of Facts ("SOF") were the facts known at

the time Plaintiff drafted the SOF. Defendants have now included additional facts which were not previously disclosed. Plaintiff is unable to investigate the veracity of the factual allegations because the discovery deadline has expired. The facts alleged to be in dispute by Defendants were not previously disclosed and should not be admitted as evidence because the discovery deadline has expired.

1. <u>Response to Objection to PSOF at ¶ 12</u>: Debtors testified they contributed the sum of $107,000 to APM. See Exhibit D to Plaintiff's Separate Statement of Facts. The sum of $107,000 was taken as a second loan against Debtors' house and Debtors' used the funds to purchase the reclamation bond. Defendants' objection to PSOF at ¶ 12 should be overruled.

2. <u>Response to Objection to PSOF at ¶¶ 13, 14, 15, 19, 20, 21 and 22</u>: The documents speak for themselves and the objections should be overruled.

3. <u>Response to Objection to PSOF at ¶ 18</u>: The allegations set forth in ¶ 27 of the Complaint are denied by Defendants who assert the allegations were unclear. However, Plaintiff contends the document speaks for itself and the terms set forth in the documents are clear. The allegation should be deemed admitted for this reason and Defendants' objection to ¶ 18 should be overruled.

4. <u>Response to Objection to PSOF at ¶ 23</u>: The Modification to Fee Agreements clearly sets forth that the parties "agree and understand that the Contingency Fee Agreement dated 06-22-06 is no longer viable…" *See* Exhibit F to SOF at ¶ 19. Moreover, as a result of the Contingency Fee Agreement no longer in effect, as of the date the Modification of Fee Agreements, Debtors "… would become indebted to Attorney at the full hourly rate for the AGRA litigation from the commencement of representation to the conclusion of representation." *See* Exhibit F to SOF at ¶ 19.

Pursuant to the AGRA Invoices, Debtors owed Defendant Peter not less than $40,986.00, calculated at his hourly rate, for time incurred on the AGRA Claim. *See* AGRA Invoices provided as Exhibit 1 to Plaintiff's Reply to Defendants' Response to Motion for Partial Summary Judgment and Response to Cross Motion for Summary Judgment. Defendants' objection to ¶ 23 should be overruled.

**OBJECTION TO DEFENDANTS' STATEMENT OF FACTS**

The Defendants' Statement of Facts refers to documentation that was not previously disclosed by Defendants, the discovery deadline has expired, and as a result such evidence should not be admitted into evidence. Plaintiff objects to the following Exhibits pursuant to F.R.B.P. Rule 7056(e).

- **Exhibits 3, 4, 7-10, 12, and 14** – Defendants included the Exhibits as evidence in support of Defendants' Response to Plaintiff's Motion for Partial Summary Judgment and Cross Motion for Summary Judgment, which are not certified copies and which were not previously disclosed. The discovery deadline was January 15, 2010. Plaintiff objects to the use of these Exhibits because they were disclosed after the discovery deadline.

DATED this 26th day of March, 2010.

LANE & NACH, P.C.

By:     */s/ Allison M. Lauritson – 022185*
       Adam B. Nach
       Allison M. Lauritson
       Attorneys for Jill H. Ford, Plaintiff

A copy of the foregoing
mailed this 26th day of March, 2010:

Peter Strojnik
3030 North Central Avenue, #1401
Phoenix, AZ  85012

Tanya C. Strojnik
145 W. Glendale Avenue
Phoenix, AZ  85021

TCMS Investments, Inc.
c/o Peter Strojnik
3030 North Central Avenue, #1401
Phoenix, AZ 85012


By  /s/_____